## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.

**G & J FISHERIES, INC.**

             **Plaintiff,**                        **IN ADMIRALTY**

**vs.**

**PETER AMARAL and**
**BHF BLUE EASTERN, LLC.**
                    **Defendants**

### COMPLAINT FOR DECLARATORY JUDGMENT
#### (28 U.S.C. §2201, et. seq. and Fed.R.Civ.P. 57)

Plaintiff, G & J Fisheries, Inc. ("G&J"), alleges:

### JURISDICTION

1.      This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 et seq. and Fed.R.Civ.P. 57.  G&J seeks declaratory relief concerning admiralty and maritime claims between the parties within the meaning of Fed.R.Civ.P. 9(h).  This Court has Admiralty and Maritime Jurisdiction pursuant to 28 U.S.C. § 1333 and Fed.R.Civ.P. 9(h).

### PARTIES

2.      G&J is and was at all material times a corporation duly organized under the laws of the Commonwealth of Massachusetts, with a principal place of business located in this District, and the sole owner of F/V GEORGES BANKS (O.N. 1096237), a scalloper operating within this District.

2

3. On information and belief, Defendant Peter Amaral ("Amaral") is an individual domiciled within this District.

4. On information and belief, the Defendant, BHF Blue Eastern, LLC ("Blue Eastern LLC"), is a limited liability company organized under the laws of the State of Delaware, but registered to conduct business within the Commonwealth of Massachusetts.  Blue Eastern LLC's principal office is located within the Commonwealth of Massachusetts and this District, and it is the sole owner of the F/V BLUE EASTERN (O.N. 930009), a scalloper operating within this District.

## FACTS

5. Amaral claims that on or about November 15, 2017 he sustained lower back, leg and perhaps other injuries while he was a crewmember working onboard the F/V GEORGES BANKS as a fisherman (the "First Injury").

6. Since November 15, 2017, Amaral has not worked onboard F/V GEORGES BANKS and has not otherwise worked for G&J.

7. No later than on or about October 4, 2018, Amaral reached Maximum Medical Improvement ("MMI") and was released to work full time as a fisherman without any restrictions by his treating health care provider(s).

8. G&J paid Amaral Maintenance and Cure in full up until Amaral reached MMI and satisfied all its legal obligations to pay Maintenance and Cure.

9. On information and belief, Amaral began working on the F/V BLUE EASTERN at some point following the First Injury.

3

10.     On information and belief, between approximately October 5, 2018 and

October 29, 2018, Amaral claims he was injured while working as a crewman

and fisherman onboard the F/V BLUE EASTERN (the "Second Injury").

11.     On information and belief, Amaral left the employment of Blue Eastern LLC

and F/V BLUE EASTERN on or about October 29, 2018, claiming he was

unable to work on account of the Second Injury.

12.     On or about November 19, 2018, Amaral, through counsel, demanded that G&J

pay him Maintenance and Cure for the Second Injury.

13.     To obviate exposure to a potential claim for punitive damages and attorneys'

fees, G&J has begun paying Maintenance and Cure for the Second Injury

without prejudice.

14.     G&J has paid and is paying Amaral Maintenance and Cure without prejudice

despite Amaral's failure to establish the nature, extent and duration of his

alleged injuries.  G&J disputes the nature, extent and duration of Amaral's

alleged injuries.

**COUNT I:**
**DECLARATORY RELIEF ON MAINTENANCE AND CURE**

15.     G&J reiterates and realleges its allegations contained in Paragraph Nos. 1-14

inclusive and incorporates same as if fully set forth herein.

16.     A vessel owner's obligation to pay Maintenance and Cure extends only to those

injuries seamen sustain while in the service of the vessel.

17.     A seaman is entitled to Maintenance and Cure only until he reaches MMI.

18.     G&J is not liable to pay any further Maintenance and Cure, because Amaral has

reached MMI;

4

19.     G&J is not liable to pay any further Maintenance and Cure, because Amaral
        was not in the service of F/V GEORGES BANKS, or any other vessels owned
        or operated by G&J, after Amaral reached MMI.

20.     Any liability to pay Maintenance and Cure for the Second Injury is the
        responsibility of Blue Eastern LLC because Amaral was working on F/V BLUE
        EASTERN when he claims to have sustained his Second Injury.

        **WHEREFORE,** G&J prays that this Honorable Court enter judgment on Count I
in favor of Plaintiff and against Defendants, and issue a Declaratory Judgment as follows:

   a.   That G&J has no obligation to pay Amaral Maintenance and Cure;

   b.   That if any Maintenance and Cure is owed to Amaral, it is the responsibility of
        Blue Eastern LLC;

   c.   That G&J is entitled to reimbursement from Great Eastern LLC for all
        payments of Maintenance and Cure made after Amaral reached MMI;

   d.   Determining the duration and total amounts of Maintenance and Cure due and
        owing to Amaral; and

   e.   Issuing any such further relief this Honorable Court deems just and proper.

5

DATED at Boston, Massachusetts, this 30th day of November, 2018.

Plaintiff,
G&J FISHERIES, INC.

By its attorneys,
**CLINTON & MUZYKA, P.C.**

"/s/Olaf Aprans"_____
**Olaf Aprans**
**BBO NO. 670434**
88 Black Falcon Ave.
Suite 200
Boston, MA 02210
(617)723-9165
Fax: 617-720-3489
Email:
oaprans@clinmuzyka.com